Mark D. Stubbs (#9353)
FILLMORE SPENCER, LLC
3301 North University Avenue
Provo, Utah 84604
Telephone: 801-426-8200
mstubbs@fslaw.com

*Attorneys for Defendants Redcliff Ascent, Inc.,
Dane Kay, Scott Peterson, Steve Peterson,
Jim Salisbury, Steve Nadauld, Andrea Burgess
And Scott Shill*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DARREN JENSEN, SCORPIO DON J. ERICKSON, BENJAMIN FLINDERS, RYAN BALTES, ADAM GLEASON, LILLIAN GEURTS,<br><br>Plaintiffs,<br><br>vs.<br><br>REDCLIFF ASCENT, INC., DANE KAY, SCOTT PETERSON, STEVE PETERSON, JIM SALISBURY, STEVE NADAULD, ANDREA BURGESS, SCOTT SCHILL,<br><br>Defendants. | **ANSWER TO AMENDED COMPLAINT**<br><br><br>Case No.: 2:13-CV-00275-PMC |

Defendants RedCliff Ascent, Inc. ("RedCliff Ascent'), Dane Kay ("Kay"), Scott Peterson ("Scott Peterson"), Steve Peterson ("Steve Peterson"), Jim Salisbury ("Salisbury"), Steve Nadauld ("Nadauld"), Andrea Burgess ("Burgess"), and Scott Schill ("Schill"), (hereinafter

ANSWER TO AMENDED COMPLAINT - 1

referred to individually by name or collectively as "Defendants"), through counsel, hereby respond to the Amended Complaint as follows:

**FIRST DEFENSE**

Plaintiffs' Amended Complaint fails to state a claim for which relief may be granted.

**SECOND DEFENSE**

Defendants respond to the specific numbered paragraphs of Plaintiffs' Amended Complaint as follows:

1. Admit.

2. Admit.

3. Admit.

4. Admit that Ryan Baltes ("Baltes") is a citizen of the United States but allege that Baltes reported his residence was Cedar City, Utah.

5. Admit.

6. Admit.

7. Admit that the named that Kay, Scott Peterson, Steve Peterson, Salisbury, Nadauld, Burgess and Schill are individuals and are either owners or employees of RedCliff Ascent but deny the remaining allegations in this paragraph.

8. Deny.

9. Admit that Plaintiffs are and have been employees or former employees of RedCliff Ascent but deny the remaining allegations in this paragraph.

ANSWER TO AMENDED COMPLAINT - 2

10. Admit RedCliff Ascent is or was an employer of the Plaintiffs but deny the remaining allegations in this paragraph.

11. Admit it operates a wilderness program most of the year each year, admits that the program includes therapy, but deny the remaining allegations in this paragraph.

12. Admit that Plaintiffs are employees and ex-employees of RedCliff Ascent but deny the remaining allegations in this paragraph.

13. Admit Plaintiffs were paid a daily rate and that they were also paid additional bonuses and amounts beyond base pay, but deny the remaining allegations in this paragraph.

14. Admit.

15. Admit but affirmatively allege he may have held other titles and worked in other positions.

16. Admit that before he was employed, Jensen may have attended unpaid training but deny the remaining allegations in this paragraph.

17. Deny.

18. Admit.

19. Admit that Jensen had a schedule during at least part of his employment under some of his various job descriptions that matches some of the description in this paragraph but deny the remaining allegations in this paragraph.

20. Admit that Jensen has some obligations to remain at base camp at certain times but deny the remaining allegations in this paragraph.

21. Deny.

ANSWER TO AMENDED COMPLAINT - 3

22. Deny.

23. Deny.

24. Deny.

25. Deny.

26. Admit that for at least part of his employment Jensen was paid a daily rate but deny the remaining allegations in this paragraph and deny that the daily rate was his only pay.

27. Admit that Jensen was not paid for time he did not work, but deny the remaining allegations in this paragraph.

28. Deny.

29. Deny.

30. Deny.

31. Admit Jensen discussed his work situation with Shill but deny the remaining allegations in this paragraph.

32. Deny.

33. Deny.

34. Admit Jensen discussed his work situation with Shill but deny the remaining allegations in this paragraph.

35. Defendants are without sufficient information to form a belief as to the allegations in this paragraph and therefore deny them.

36. Deny.

37. Deny.

ANSWER TO AMENDED COMPLAINT - 4

38. Admit that after April 24, 2013, Jensen was no longer an employee of RedCliff Ascent but deny the remaining allegations in this paragraph.

39. Deny.

40. Deny that RedCliff ascent was in violation of the FLSA and deny the remaining allegations in this paragraph.

41. Admit Erickson is an employee of RedCliff Ascent but deny the remaining allegations in this paragraph.

42. Admit Erickson may have attended unpaid training before he was an employee, but deny the remaining allegations in this paragraph.

43. Deny.

44. Deny.

45. Deny.

46. Admit Erickson had a schedule during at least part of his employment under that matches some of the description in this paragraph but denies the remaining allegations in this paragraph.

47. Admits that Erickson has some obligations to remain at the site of operations but deny the remaining allegations in this paragraph.

48. Deny.

49. Deny.

50. Deny.

51. Deny.

ANSWER TO AMENDED COMPLAINT - 5

52. Admit that this paragraph may describe some of Erickson's duties but deny the remaining allegations in this paragraph.

53. Deny.

54. Deny-+.

55. Admit Erickson is paid a daily rate but deny the remaining allegations in this paragraph.

56. Deny.

57. Deny.

58. Deny.

59. Deny.

60. Deny.

61. Admit.

62. Admit Flinders participated is some unpaid training before he was an employee but deny the remaining allegations in this paragraph.

63. Deny.

64. Deny.

65. Deny.

66. Admit Flinders had a schedule during at least part of his employment under that matches some of the description in this paragraph but denies the remaining allegations in this paragraph.

ANSWER TO AMENDED COMPLAINT - 6

67. Admit Flinders had some obligation to remain at the operation sites, but deny the remaining allegations in this paragraph.

68. Deny.

69. Deny.

70. Deny.

71. Deny.

72. Deny.

73. Deny.

74. Deny.

75. Admits Flinders is paid a daily rate be deny the remaining allegations in this paragraph.

76. Deny.

77. Deny.

78. Deny.

79. Deny.

80. Deny.

81. Admit Baltes was hired as an employee of RedCliff Ascent but denies the remaining allegations in this paragraph.

82. Admits Baltes participated in some unpaid training before he was an employee but denies the remaining allegations in this paragraph.

83. Deny.

ANSWER TO AMENDED COMPLAINT - 7

84. Deny.

85. Deny.

86. Admit that Baltes had a schedule during at least part of his employment under that matches some of the description in this paragraph but denies the remaining allegations in this paragraph.

87. Deny.

88. Deny.

89. Admit that Baltes had some obligations to remain at the site of operations but deny the remaining allegations in this paragraph.

90. Deny.

91. Deny.

92. Deny.

93. Deny.

94. Deny.

95. Deny.

96. Deny.

97. Deny.

98. Deny.

99. Deny.

100. Deny.

101. Admit.

ANSWER TO AMENDED COMPLAINT - 8

102. Admit Gleason participated in some unpaid training before he was an employee but deny the remaining allegations in this paragraph.

103. Deny.

104. Deny.

105. Deny.

106. Admit that Gleason had a schedule during at least part of his employment under that matches some of the description in this paragraph but denies the remaining allegations in this paragraph.

107. Deny.

108. Deny.

109. Admit that Baltes had some obligations to remain at the site of operations but deny the remaining allegations in this paragraph.

110. Deny.

111. Deny.

112. Deny.

113. Deny.

114. Deny.

115. Admit Gleason is paid a daily rate but deny the remaining allegations in this paragraph.

116. Deny.

117. Deny.

ANSWER TO AMENDED COMPLAINT - 9

118. Deny.

119. Deny.

120. Deny.

121. Admit Geurts was an employee of RedCliff Ascent, but deny the remaining allegations in this paragraph.

122. Admit.

123. Geurts participated in some unpaid training before she was an employee but denies the remaining allegations in this paragraph.

124. Deny.

125. Admit the training included some of the listed items but no hours were worked so Defendants deny the remaining allegations in this paragraph.

126. Deny.

127. Admit Geurts had a schedule during at least part of her employment under that matches some of the description in this paragraph but denies the remaining allegations in this paragraph.

128. Admit that Geurts had some obligations to remain at the site of operations but deny the remaining allegations in this paragraph.

129. Deny.

130. Deny.

131. Deny.

132. Deny.

ANSWER TO AMENDED COMPLAINT - 10

133. Deny.

134. Deny.

135. Deny.

136. Admit Geurts was paid a daily rate but deny the remaining allegations in this paragraph.

137. Deny.

138. Deny.

139. Deny.

140. Deny.

141. Deny.

142. Deny.

143. Admit.

144. Admit.

145. Deny.

146. Admit that while not employees the Plaintiffs were not compensated for training.

147. Deny.

148. Deny.

149. Admit.

150. Deny.

151. Deny.

152. Admit.

ANSWER TO AMENDED COMPLAINT - 11

153. Deny.

154. Admit Plaintiffs were paid overtime but deny the remaining allegations in this paragraph.

155. Admit Plaintiffs are entitled to be paid overtime but deny that they were not paid for overtime.

156. Deny.

157. Deny.

158. Deny.

159. Deny.

160. Deny.

161. Admit Defendant RedCliff Ascent must comply with the law but deny that it has not complied with the law.

162. Deny.

163. Deny.

164. Deny.

165. Deny.

166. Deny.

167. Deny.

168. Deny.

169. Admit.

170. Deny.

ANSWER TO AMENDED COMPLAINT - 12

171.   Deny.

172.   Deny.

173.   Deny.

174.   Deny.

175.   Deny.

176.   Deny.

177.   Deny.

178.   Defendants deny each and every allegation in the Amended Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

One or more if the claims of the Plaintiffs is barred by the applicable statute of limitations including Utah Code § 34-28-5(b)(ii).

### SECOND AFFIRMATIVE DEFENSE

One or more of the claims of the Plaintiffs is barred because they were exempt employees under the Fair Labor Standards Act.

### THIRD AFFIRMATIVE DEFENSE

One or more of the claims of the Plaintiffs relating to their termination are barred because they are employees at will.

ANSWER TO AMENDED COMPLAINT - 13

## FOURTH AFFIRMATIVE DEFENSE

One or more of the claims of the Plaintiffs are barred by the doctrines of waiver, estoppel and/or laches.

## FIFTH AFFIRMATIVE DEFENSE

One or more of the claims of the Plaintiffs are barred because they were paid sufficient money in wages, bonuses, and other compensation to meet the standards of the Fair Labor Standards Act.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for wages for training time, liquidated damages, general damages, punitive damages and attorneys fees are barred because Defendant RedCliff Ascent relied on administrative rulings and findings regarding its method of compensating employees for overtime.

## SEVENTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendants have acted in good faith and have not violated any rights which may be secured to Plaintiffs under any contract, or federal, state or local law, rule regulation or guideline.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants' conduct was not willful, thus there is no basis for the award of liquidated damages under the Fair Labor Standards Act or any other law, statute, or regulation.

### NINTH AFFIRMATIVE DEFENSE

One or more of Plaintiffs' claims is barred because Plaintiffs agreed to work for RedCliff Ascent on a salary basis for hours worked.

### TENTH AFFIRMATIVE DEFENSE

One or more of Plaintiffs' claims is barred by Plaintiffs' failure to mitigate their damages.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred as against one or more of the Defendants because they were not Plaintiffs' employer.

### TWELFTH AFFIRMATIVE DEFENSE

One or more of Plaintiffs' claims is barred because Plaintiffs agreed to work for RedCliff Ascent on a salary basis for hours worked.

WHEREFORE, Defendants pray as follows:

1. That Plaintiffs' Amended Complaint be dismissed with prejudice on the merits.

2. That Defendants be awarded attorney's fees and costs;

3. For such other and further relief as the court deems just and proper under the premises.

ANSWER TO AMENDED COMPLAINT - 15

DATED this ___ day of June, 2013.

                                      FILLMORE SPENCER LLC

                                      _____
                                      Mark D. Stubbs
                                      Attorneys for Defendants

ANSWER TO AMENDED COMPLAINT - 16

CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of June, 2013, a copy of the Answer to Amended Complaint was duly served by the court's electronic filing system or U.S. mail upon the following:

Robert H. Wilde
Michael S. Wilde
BLACKBURN & STOLL, LC
257 East 200 South, Suite 800
Salt Lake City, Utah  84111

                                                                       *Bonnie Williams*
                                                                       Paralegal

ANSWER TO AMENDED COMPLAINT - 17