ROBERT H. WILDE #3466
MICHAEL S. WILDE #14366
BLACKBURN & STOLL, LC
257 East 200 South Suite 800
Salt Lake City, Utah 84111
Telephone: 801-521-7900
rwilde@blackburn-stoll.com
mwilde@blackburn-stoll.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DARREN JENSEN, SCORPIO DON J. ERICKSON, BENJAMIN FLINDERS, RYAN BALTES, ADAM GLEASON, LILLIAN GEURTS,, <br><br> Plaintiffs, <br><br> vs. <br><br> REDCLIFF ASCENT, INC., DANE KAY, SCOTT PETERSON, STEVE PETERSON, JIM SALISBURY, STEVE NADAULD, ANDREA BURGESS, SCOTT SCHILL, <br><br> Defendants. | RULE 26(f) STIPULATED ATTORNEY PLANNING MEETING REPORT <br><br><br> Civil No.: 2:13-cv-275-TC |

1.   **PRELIMINARY MATTERS:**

   a.   The nature of the claims and affirmative defenses is: Plaintiffs have asserted various overtime and other claims under the Fair Labor Standards Act. Defendants have denied liability.

   b.   This case is   __X___not referred to a magistrate judge

   _____referred to magistrate judge *name of magistrate judge*

      _____under 636(b)(1)(A)

      _____under 636(b)(1)(B)

    c. Pursuant to Fed. R.Civ.P. 26(f), a meeting was held telephonically on June 14, 2013. The following were in attendance:

      *Robert H Wilde,* counsel for Plaintiffs

      *Mark D. Stubbs,* counsel for Defendants

    d. The parties do not request an initial pretrial scheduling conference with the court prior to entry of the scheduling order. An initial pretrial scheduling conference is set before Magistrate Judge Furse on August 8, 2013, at 10:30 a. m.

    e. The parties will exchange by 07/31/13 the initial disclosures required by Fed. R.Civ.P. Rule 26(a)(1).

    f. Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed.R.Civ.P. 5(a) by either (i) notice of electronic filing, or (ii) e-mail transmission. Such electronic service will constitute service and notice of entry as required by those rules. Any right to service by USPS mail is waived. The provisions of Fed. R. Civ. P. 6(e) apply.

**2. DISCOVERY PLAN:** The parties jointly propose to the court the following discovery plan:

    a. Discovery is necessary on the following subjects: All claims and defenses pled by the parties.

    b. Discovery Phases.
<u>Discovery will be conducted in overlapping fact and expert phases as listed below. Expert discovery need not wait for the conclusion of fact discovery.</u>

    c. Designate the discovery methods to be used and the limitations to be imposed.

      (1) Oral Exam Depositions: Ten per party with a maximum of seven hours each.

      (2) Interrogatories: Twenty Five per party.

        Admissions: No Limit

        Requests for production of documents: No Limit

      (3) Other discovery methods: None

    d.    Discovery of electronically stored information should be handled as follows: <u>Pursuant to Rule 26(f)(3) Fed. R. Civ. P. any electronically stored documents which are requested shall be produced in their native electronic format unless specifically requested otherwise by the party seeking discovery except that e-mail shall be produced in pdf format.</u>

    e.    The parties have agreed to an order regarding claims of privilege or protection as trial preparation material asserted after production, as follows: <u>A party producing voluminous electronic data need not perform a privilege review on that data until such time as any other party specifically identifies data, among the produced data, which it intends to use.  Within 14 days of such an identification the producing party shall assert any applicable privilege.</u>

## 3. AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES

    a.    The cutoff dates for filing a motion to amend pleadings is: 10:31/13.

    b.    The cutoff dates for filing a motion to join additional parties is: 10/31/13.

*(NOTE:  Establishing cutoff dates for filing motions does <u>not</u> relieve counsel from the requirements of Fed.R.Civ.P. 15(a)).*

## 4. EXPERT REPORTS

    a.    Reports from experts under Rule 26(a)(2) will be submitted on:

The party bearing the burden of proof on the issue(s) for which the expert has been retained: 02/28/14

Counter reports: 04/15/14

## 5. OTHER DEADLINES

    a.    Discovery cutoff:   Fact 03/15/14      Expert 04/30/14

    b.    *S*upplementation of disclosures under Rule 26 (a) and of discovery under Rule 26 (e) shall occur within thirty days of the discovery of material requiring supplementation.

    c.    Deadline for filing dispositive or potentially dispositive motions is 05/31/14

**6.    ADR/SETTLEMENT:**

    a.    The potential for resolution before trial is:  __X___ good  _____ fair  _____ poor

    b.    This case should be referred to the court's alternative dispute resolution program for arbitration: _____   mediation: _____

    c.    The case should be re-evaluated for settlement/ADR resolution on: <u>close of discovery</u>

**7.    TRIAL AND PREPARATION FOR TRIAL:**

    a.    The parties should serve final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

    b.    This case should be ready for trial by: 08/31/14

        Specify type of trial:  Jury __X__   Bench _____

    c.    The estimated length of the trial is: four days

<u>/s/ Robert H. Wilde</u>                                              Date: 06/14/13
Signature and typed name of Plaintiffs Attorney

<u>/s/ Mark D. Stubbs</u>                                              Date: 06/14/13
Signature and typed name of Defendants Attorney

---

## NOTICE TO COUNSEL

The Report of the Attorney Planning Meeting should be completed and filed with the Clerk of the Court thirty days before the date of the Initial Pretrial Conference. A copy of the Proposed Scheduling Order on the court's official form should be submitted in word processing format by email to ipt@utd.uscourts.gov. If counsel meet, confer, and
    (i) file a stipulated Attorney Planning Meeting Report and
    (ii) email a draft scheduling order in word processing format by email to ipt@utd.uscourts.gov
30 days before the scheduled hearing, the Court will consider entering the Scheduling Order based on the filed Attorney Planning Meeting Report.

If the Hearing is held, counsel should bring a copy of the Attorney Planning Meeting Report to the Hearing.

In CM/ECF, this document should be docketed as Other Documents - Attorney Planning Meeting.