ROBERT H. WILDE #3466
MICHAEL S. WILDE #14366
BLACKBURN & STOLL, LC
257 East 200 South Suite 800
Salt Lake City, Utah 84111
Telephone: 801-521-7900
rwilde@blackburn-stoll.com
mwilde@blackburn-stoll.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DARREN JENSEN, SCORPIO DON J. ERICKSON, BENJAMIN FLINDERS, RYAN BALTES, ADAM GLEASON, LILLIAN GEURTS,, <br><br> Plaintiffs, <br><br> vs. <br><br> REDCLIFF ASCENT, INC., DANE KAY, SCOTT PETERSON, STEVE PETERSON, JIM SALISBURY, STEVE NADAULD, ANDREA BURGESS, SCOTT SCHILL, <br><br> Defendants. | SCHEDULING ORDER <br><br><br> Civil No.: 2:13-cv-275-TC <br> Magistrate Judge Furse |

Pursuant to Fed.R. Civ P. 16(b), the Magistrate Judge received the Attorneys' Planning Report filed by counsel. The following matters are scheduled. The times and deadlines set forth herein may not be modified without the approval of the Court and on a showing of good cause.

IT IS ORDERED that the Initial Pretrial Hearing set for August 8, 2013 at 10:30 a. m. is VACATED.

**ALL TIMES 4:30 PM UNLESS INDICATED**

1. **PRELIMINARY MATTERS**                                                        **DATE**

   Nature of claim(s) and any affirmative defenses:    plaintiffs assert overtime, minimum wage and retaliation claims under the Fair Labor Standards Act. defendants deny liability based on claimed exemptions.

   | | | |
   |---|---|---|
   | a. | Was Rule 26(f)(1) Conference held? | _06/14/13_ |
   | b. | Has Attorney Planning Meeting Form been submitted? | _06/17/13_ |
   | c. | Was 26(a)(1) initial disclosure completed? | _07/31/13_ |

2. **DISCOVERY LIMITATIONS**                                                      **NUMBER**

   | | | |
   |---|---|---|
   | a. | Maximum Number of Depositions by Plaintiff | _10_ |
   | b. | Maximum Number of Depositions by Defendant | _10_ |
   | c. | Maximum Number of Hours for Each Deposition (unless extended by agreement of parties) | _7_ |
   | d. | Maximum Interrogatories by any Party to any Party | _25_ |
   | e. | Maximum requests for admissions by any Party to any Party | _no limit_ |
   | f. | Maximum requests for production by any Party to any Party | _no limit_ |

  g. Discovery of electronically stored information should be handled as follows: <u>Pursuant to Rule 26(f)(3) Fed. R. Civ. P. any electronically stored documents which are requested shall be produced in their native electronic format unless specifically requested otherwise by the party seeking discovery except that e-mail shall be produced in pdf format.</u>

  h. Claim of privilege or protection as trial preparation material asserted after production shall be handled as follows: <u>A party producing voluminous electronic data need not perform a privilege review on that data until such time as any other party specifically identifies data, among the produced data, which it intends to use. Within 14 days of such an identification the producing party shall assert any applicable privilege.</u>

                                                    **DATE**

**3. AMENDMENT OF PLEADINGS/ADDING PARTIES[1]**

  a. Last Day to File Motion to Amend Pleadings      <u>*10/31/13*</u>

  b. Last Day to File  Motion to Add Parties       <u>*10/31/13*</u>

**4. RULE 26(a)(2) REPORTS FROM EXPERTS[2]**

  a. The party with the burden of proof on the      <u>*02/28/14*</u>

    issue for which the expert has been retained

  b. Counter reports                <u>*04/15/14*</u>

5. **OTHER DEADLINES**

    a.    Discovery to be completed by:

         Fact discovery     <u>03/15/14</u>

         Expert discovery     <u>04/30/14</u>

    b.    *(optional)* Final date for supplementation of disclosures and discovery under Rule 26 (e)     <u>00/00/00</u>

    c.    Deadline for filing dispositive or potentially dispositive motions     <u>05/31/14</u>

6. **SETTLEMENT/ ALTERNATIVE DISPUTE RESOLUTION**

    a.    Referral to Court-Annexed Mediation     <u>At close of discovery</u>

    b.    Referral to Court-Annexed Arbitration     <u>No</u>

    c.    Evaluate case for Settlement/ADR on close of discovery.

    d.    Settlement probability: Good

7. **TRIAL AND PREPARATION FOR TRIAL:** *Four day jury.*

    a.    Rule 26(a)(3) Pretrial Disclosures[3]

         Plaintiff     **9/5/14**

         Defendant     **9/19/14**

    b.    Objections to Rule 26(a)(3) Disclosures

         (if different than 14 days provided in Rule)

         **DATE**

    c.    Special Attorney Conference[5] on or before     **10/3/14**

    d.    Settlement Conference[6] on or before     10/3/14

|   | | | | |
|---|---|---|---|---|
| e. | Final Pretrial Conference | | 3:00 p.m. | 10/20/14 |
| f. | Trial | Length | Time | Date |
|   | i.  Bench Trial | # days | | |
|   | ii. Jury Trial | 4 days | 8:30 a.m. | 11/3/14 |

8. **OTHER MATTERS:**

    Counsel should contact chambers staff of the judge presiding in the case regarding Daubert and Markman motions to determine the desired process for filing and hearing of such motions.  All such motions, including Motions in Limine should be filed well in advance of the Final Pre Trial.  Unless otherwise directed by the court, any challenge to the qualifications of an expert or the reliability of expert testimony under Daubert must be raised by written motion before the final pre-trial conference.

Signed June 20, 2013.

                                            BY THE COURT:

                                            _____
                                            Evelyn J. Furse
                                            U.S. Magistrate Judge

2.   Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

3.   A party shall disclose the identity of each testifying expert and the subject of each such expert's testimony at least 60 days before the deadline for expert reports from that party.  This disclosure shall be made even if the testifying expert is an employee from whom a report is not required.

4.   Any demonstrative exhibits or animations must be disclosed and exchanged with the 26(a)(3) disclosures.

5.   The Special Attorneys Conference does not involve the Court.  Counsel will agree on voir dire questions,  jury instructions, a pre-trial order and discuss the presentation of the case.  Witnesses will be scheduled to avoid gaps and disruptions.  Exhibits will be marked in a way that does not result in duplication of documents.  Any special equipment or courtroom arrangement requirements will be included in the pre-trial order.

6.    The Settlement Conference does not involve the Court unless a separate order is entered. Counsel must ensure that a person or representative with full settlement authority or otherwise authorized to make decisions regarding settlement is available in person or by telephone during the Settlement Conference.

C:\Users\Amy Pehrson\AppData\Local\Temp\notesDF63F8\Jensen v Red Cliff 213cv275 TC 619.wpd