ROBERT H. WILDE #3466
MICHAEL S. WILDE #14366
BLACKBURN & STOLL, LC
257 East 200 South, Suite 800
Salt Lake City, Utah 84111
Telephone: 801-521-7900
rwilde@blackburn-stoll.com
mwilde@blackburn-stoll.com

Attorneys for Plaintiffs

---

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DARREN JENSEN, SCORPIO DON J. ERICKSON, BENJAMIN FLINDERS, RYAN BALTES, ADAM GLEASON, LILLIAN GEURTS,, <br><br> Plaintiffs, <br><br> vs. <br><br> REDCLIFF ASCENT, INC., DANE KAY, SCOTT PETERSON, STEVE PETERSON, JIM SALISBURY, STEVE NADAULD, ANDREA BURGESS, SCOTT SCHILL, <br><br> Defendants. | MOTION TO AMEND COMPLAINT <br><br><br> Civil No.: 2:13-cv-275-TC |

## MOTION

Pursuant to Rule 15(a)(2) Fed. R. Civ. P., Plaintiffs move for leave to file their Second

Amended Complaint for the purpose of adding two additional Defendants, Mark Noe, and Ellie

Strong ("additional Defendants").   The basis for this motion is that discovery in this case revealed the additional Defendants qualify as the Plaintiffs' employers under the Fair Labor Standards Act.

## MEMORANDUM

### I.   Factual Background

Plaintiffs are current and former employees of Defendant Red Cliff Ascent, Inc. Defendants are Red Cliff Ascent, Inc., and employees and/or principals of Red Cliff Ascent, Inc. On April 17, 2013, Plaintiffs filed their Complaint alleging minimum wage violations, and unpaid overtime violations of the Fair Labor Standards Act.   Plaintiffs also alleged a claim for retaliation for the threatened termination of Plaintiff Darren Jensen.   On April 30, 2013, no responsive pleading having been filed, Plaintiffs filed their Amended Complaint which added Adam Gleason as a Plaintiff, and included a wrongful termination in violation of public policy for the termination of Darren Jensen, which occurred between the filing of the original and Amended Complaint.

On August 16, 2013, Defendants responded to Plaintiffs' first discovery request.   Exhibit 1. Interrogatory No. 8 in that request asked the Defendants to identify all persons "who had the power to hire and fire employees, supervise and control employee work schedules or conditions of employment, determine the rate and method of payment, or maintain employment records."   *Id.* at 5.   Defendants' response lists four individuals.   Two of those individuals are already Defendants in this lawsuit (Scott Schill and Andrea Burgess).   The other two are not (Mark Noe, Ellie Strong). *Id.*

### II.   Standard

Rule 15(a)(2) Fed. R. Civ. P. provides "(2) *Other Amendments.*   In all other cases, a party

may amend its pleading only with the opposing party's written consent or the court's leave.   The court should freely give leave when justice so requires."

"The Supreme Court has indicated district courts may withhold leave to amend only for reasons such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment."   *United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### III.   Law

The FLSA defines employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee. . . ."   29 U.S.C. § 203(d).   To determine whether an alleged employer meets this definition, the 10th Circuit applies the economic realities test.   This test "includes inquiries into whether the alleged employer has the power to hire and fire employees, supervises and controls employee work schedules or conditions of employment, determines the rate and method of payment, and maintains employment records."   *Baker v. Flint Eng'g & Constr. Co.*, 137 F.3d 1436, 1440 (10th Cir. 1998).

### IV.   Argument

Plaintiffs' first discovery requests to Defendants included Interrogatory No. 8, which states:

> For the Plaintiffs, and each of them, please identify all persons associated with the Defendant RedCliff Ascent who had the power to hire and fire employees, supervise and control employee work schedules or conditions of employment, determine the rate and method of payment, or maintain employment records.

Exhibit 1, p. 5.   The Defendants' response to this interrogatory was to list four individuals: Scott

Schill, Andrea Burgess, Mark Noe, and Ellie Strong.  *Id.*   Mr. Schill and Ms. Burgess are already named Defendants in the lawsuit.   Mr. Noe and Ms. Strong are not.   The Defendants' answer to Interrogatory No. 8 reveals that there are two additional individuals that Defendants consider to be employers of the Plaintiffs, as that term is used in the FLSA, who are not named Defendants in this lawsuit.

Justice would require the adding of these additional Defendants.   Plaintiffs attempted to include all Defendants who would be considered employers under the FLSA in its original complaint.   However, Plaintiffs were employed with Defendants mainly as "field staff" and not as part of Defendants' administrative bureaucracy.   There was simply no way for Plaintiffs to divine the job description of all employees of Defendant RedCliff Ascent prior to the filing of this lawsuit and conducting discovery.

Plaintiffs do not expect that the additional Defendants would create any undue delay in the case.   The corporate defendant and existing individual defendants are all represented by the same attorney, and Plaintiffs imagine the additional defendants would likewise be represented.   The addition of these two individuals does not change the size or scope of the legal or factual issues before the Court.   In fact, it appears that at least Mr. Noe is aware of this lawsuit and has prepared information to Defense Counsel as part of Defendants' discovery responses.   Exhibit 2.   The only change to the case would be to increase the number of persons liable on a judgment by two.

V.   Conclusion

Defendants have identified two additional Defendants who meet the definition of an employer under the FLSA.   Plaintiffs have moved to add those individuals to this lawsuit.   The

time to add parties has not expired under the scheduling order. Adding the additional Defendants would not result in undue delay, nor would it prejudice the existing Defendants. Plaintiffs' motion should be granted. A proposed Second Amended Complaint is attached as Exhibit 3.

DATED this 18th day of October, 2013.

/s/ Michael S. Wilde
MICHAEL S. WILDE
Attorneys for Plaintiffs

EXHIBITS:
1 – Defendants' Responses to Plaintiffs' First Discovery Request
2 – Document Prepared by Mark Noe for Defendants' Discovery Response.
3 – Proposed Second Amended Complaint

Delivery Certificate

      I hereby certify that a true and correct copy of the foregoing **MOTION TO AMEND COMPLAINT** to be served by the method(s) indicated below and addressed to the following on this 18th day of October, 2013.

Mark D. Stubbs
Fillmore & Spencer, LLC
3301 North University Ave
Provo, Utah 84604
mstubbs@fslaw.com


( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile
( ) E-mail
(X) CM/ECF Posting


                                        /s/ Michael S. Wilde