Mark D. Stubbs (#9353)
FILLMORE SPENCER, LLC
3301 North University Avenue
Provo, Utah 84604
Telephone: 801-426-8200
mstubbs@fslaw.com

*Attorneys for Defendants*

<table>
<tr><td colspan="2" align="center">IN THE UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF UTAH, CENTRAL DIVISION</td></tr>
<tr><td>

DARREN JENSEN, SCORPIO DON J. ERICKSON, BENJAMIN FLINDERS, RYAN BALTES, ADAM GLEASON, LILLIAN GEURTS,

     Plaintiffs,

vs.

REDCLIFF ASCENT, INC., DANE KAY, SCOTT PETERSON, STEVE PETERSON, JIM SALISBURY, STEVE NADAULD, ANDREA BURGESS, SCOTT SCHILL,

    Defendants.

</td><td>

**DEFENDANTS' RESPONSES TO PLAINTIFFS' DISCOVERY REQUESTS**


Case No.:  2:13-CV-00275-PMC

</td></tr>
</table>

COME NOW Defendants in the above-captioned matter, and respond to Plaintiff's First

Discovery requests:

## **INTERROGATORIES**

<u>INTERROGATORY NO. 1</u>: Please state the identity of each person expected to be called as a witness at trial, including expert witnesses, and rebuttal witnesses, the subject matter on which each is expected to testify, and the substance of each testimony.

RESPONSE TO INTERROGATORY NO. 1:

a.  Dane Kay may be contacted through counsel. This individual may have information regarding the practices and procedures regarding payment of wages, and hours worked of the Plaintiffs.

b.  Scott Peterson may be contacted through counsel. This individual may have information regarding the practices and procedures regarding payment of wages, and hours worked of the Plaintiffs.

c.  Steve Peterson may be contacted through counsel. This individual may have information regarding the practices and procedures regarding payment of wages, and hours worked of the Plaintiffs.

d.  Jim Salisbury may be contacted through counsel. This individual may have information regarding the practices and procedures regarding payment of wages, and hours worked of the Plaintiffs.

e.  Steve Nadauld may be contacted through counsel. This individual may have information regarding the practices and procedures regarding payment of wages, and hours worked of the Plaintiffs.

f.  Andrea Burgess may be contacted through counsel. This individual may have information regarding the practices and procedures regarding payment of wages, and hours worked of the Plaintiffs.

g.  Scott Schill may be contacted through counsel. This individual may have information regarding the practices and procedures regarding payment of wages, and hours worked of the Plaintiffs.

h.  Other witnesses to be determined during discovery.

i.  All witnesses listed by Plaintiffs as potential witnesses.

DEFENDANTS' RESPONSES TO PLAINTIFFS' DISCOVERY REQUESTS - 2

INTERROGATORY NO. 2: Please identify all documents you anticipate presenting to a witness at the trial of this matter, whether as an exhibit or otherwise.

RESPONSE TO INTERROGATORY NO. 2: Exhibits have not yet been determined. Defendants may use some or all of the documents produced by the Plaintiffs and the Defendants during discovery.

INTERROGATORY NO. 3: Please describe the terms and conditions of the employment of the Plaintiffs, and each of them, for each week during the three-year period immediately preceding the commencement of this action. In so doing, please state the number of hours worked by each Plaintiff; the gross amount paid each Plaintiff; and the compensation plan upon which each Plaintiff was paid, i.e., hourly wage and rate, salary and rate, commission structure, etc. during said week.

RESPONSE TO INTERROGATORY NO. 3: Defendants object to this interrogatory because it is overly broad, and vague. Defendants object because the information requested may be determined by examining, compiling, and/or summarizing Defendant RedCliff Ascent Inc.'s business records submitted herewith pursuant to Plaintiffs' Requests for Production of Documents. Said records are produced in compliance with Fed. R. Civ. P. 33 (d)(1).

INTERROGATORY NO. 4: Please state the identity by full name, current or former position with Defendant RedCliff Ascent, the current or last known business and residential addresses and current or last known business, cellular and residential telephone numbers, each person who was

employed by Defendant RedCliff Ascent at any time during which the Plaintiffs, or any of them, were also employed by RedCliff Ascent.

RESPONSE TO INTERROGATORY NO. 4:  A staff list is produced on the attached compact disc ("CD").

INTERROGATORY NO. 5:  Describe with specificity Defendants claimed reliance upon administrative rulings as alleged in their sixth affirmative defense.

RESPONSE TO INTERROGATORY NO. 5: Defendants object to this interrogatory in that it calls for Defendants to provide law and not facts to the Plaintiffs.  Without waiving the exemption, Defendants state they rely on case law, Department of Labor Opinion Letters, administrative rulings and findings that trainees and interns are classified as not employees and area not covered by the FLSA. See e.g., Wage and Hour Opinion Letter, April 6, 2006, FLSA2006-12.  See also, DOL Fact Sheet #71, April 2010.  Further, Plaintiff Darren Jensen may be covered by the Motor Carrier Act with respect to overtime exemption.

INTERROGATORY NO. 6:  Describe with specificity all exemptions from FLSA coverage which you claim applies to the Plaintiffs, or any of them, including the duties performed which made them exempt.

RESPONSE TO INTERROGATORY NO. 6: Defendants object to this interrogatory in that it calls for Defendants to provide law and not facts to the Plaintiffs.  Without waiving the exemption, Defendants state they rely on case law, Department of Labor Opinion Letters,

administrative rulings and findings that teachers are not covered by the FLSA, and that Darrin

Jensen may be covered by the Motor Carriers Act.

INTERROGATORY NO. 7:  State in full, for each individual Defendant, said Defendant's

duties, responsibilities, and authority, vis-à-vis the Plaintiffs or any of them while employed by

RedCliff Ascent.

RESPONSE TO INTERROGATORY NO. 7: Defendants object because the information

requested may be determined by examining, compiling, and/or summarizing Defendant RedCliff

Ascent Inc.'s business records submitted herewith pursuant to Plaintiffs' Requests for Production

of Documents.  Said records are produced in compliance with Fed. R. Civ. P. 33 (d)(1).

INTERROGATORY NO. 8: For the Plaintiffs, and each of them, please identify all

persons associated with the Defendant RedCliff Ascent who had the power to hire and fire

employees, supervise and control employee work schedules or conditions of employment,

determine the rate and method of payment, or maintain employment records.

RESPONSE TO INTERROGATORY NO. 8:  Scott Schill, Andrea Burgess, Mark Noe,

Ellie Strong.

INTERROGATORY NO. 9:  Identify each person who owns shares in Defendant RedCliff

Ascent, Inc., and the shares owned by each such person.

RESPONSE TO INTERROGATORY NO. 9:
Dane Kay              113 shares
Jim Salisbury         113 shares

DEFENDANTS' RESPONSES TO PLAINTIFFS' DISCOVERY REQUESTS - 5

Steve Petersen        113 shares
Scott Petersen        113 shares
Steve Nadauld          48 shares

## REQUESTS FOR ADMISSION

Defendants hereby respond to Plaintiffs' Requests for Admission:

REQUEST NO. 1: That the individual Defendants, and each of them were "employers," as the

term is defined at 29 USC §203(d) during any time they supervised any Plaintiff employed at

RedCliff Ascent Engineering and Protection, LLC, during the three years immediately preceding

the commencement of this action.

RESPONSE: Denied.

REQUEST NO. 2:  That each of the Plaintiffs was an "employee," as that term is defined at 29

USC §203(e)(1) during the time they were employed by Defendant RedCliff Ascent Engineering

and Protection, LLC, during the three years immediately preceding the commencement of this

action.

RESPONSE:  Defendants object in that RedCliff Ascent, Inc. is not named as stated in

the Request.  Without waiving the objection, denied.  During some periods of time the Plaintiffs

were not employees but were interns or trainees, and the Plaintiffs were not all employed for

three years immediately preceding the commencement of this action but were employed as

follows: Ryan Baltes: 2012 - 2013, Scorpio Don J. Erickson: 2012 - 2013, William Benjamin

DEFENDANTS' RESPONSES TO PLAINTIFFS' DISCOVERY REQUESTS - 6

Flinders: 2011 - 2013, Lillian Geurts: 2011-2012, Adam Gleason: 2010 - 2013, Darren Jensen: 2010 - 2013.

REQUEST NO. 3: That the Plaintiffs were not paid on a "salary basis" as that term is defined by 29 CFR §541.602.

RESPONSE: Objection in that the request is vague and ambiguous.  Without waiving the objection, denied.

REQUEST NO. 4:  The Plaintiffs were not paid straight time for all hours worked.

RESPONSE: Objection in that the request is vague and ambiguous.  Without waiving the objection, denied.

REQUEST NO. 5: The Plaintiffs were not paid time and one half for all hours worked over and above forty hours per pay period.

RESPONSE:  Denied.

REQUEST NO. 6:   One or more of the Plaintiffs was told that if he/she wanted to receive overtime compensation he/she would be terminated.

RESPONSE: Denied.

REQUEST NO. 7: One or more of the Plaintiffs was told that if he/she wanted to receive overtime compensation his/her hours would be cut.

DEFENDANTS' RESPONSES TO PLAINTIFFS' DISCOVERY REQUESTS - 7

RESPONSE: Denied.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendants hereby respond to Plaintiffs' Request for Production of Documents:

REQUEST NO. 1:  Any and all documents identified by either party in their Rule 26(a)(1) initial disclosures.

RESPONSE:  Responsive documents are included on a CD.

REQUEST NO. 2:  Any and all diaries, day planners, calendars, or other documents wherein Defendants, or any of them, wrote or noted activities, plans, or schedules, whether before or after they occurred, during the time the Plaintiffs, or any of them, were employed by RedCliff Ascent.

RESPONSE:  Responsive documents in the CD, however incident reviews and reports containing confidential information about students are being withheld pending a confidentiality agreement with Plaintiffs.

REQUEST NO. 3:  All records of time worked by the Plaintiffs or any of them.

RESPONSE:  Documents in the CD provided include time sheets.

REQUEST NO. 4:  Any and all contracts between the parties.

RESPONSE:  Documents in the CD provided include contracts in the employee files.

DEFENDANTS' RESPONSES TO PLAINTIFFS' DISCOVERY REQUESTS - 8

REQUEST NO. 5: Documents showing the identity of each person who owns stock and the number of shares owned Defendant RedCliff Ascent, Inc.

RESPONSE: A copy of the document entitled Meeting by Unanimous Written Consent of the Board of Directors of RedCliff Ascent, Inc., dated December 31, 2006, is included on the CD provided.

REQUEST NO. 6: All minutes of board of directors meetings where the terms and conditions of employment of the Plaintiffs, or any of them, was discussed including, but not limited to, compensation, duties, or discipline.

RESPONSE: This subject was not included in any of the minutes of the board of directors meetings.

REQUEST NO. 7: Job descriptions of each person performing services for Defendant RedCliff Ascent during the three years preceding the filing of the complaint in this matter.

RESPONSE: See the Staff list included on the CD provided.

REQUEST NO. 8: All minutes of board of directors meetings where the hiring or firing of any employee, employee work schedules, terms or conditions of employment, the rate or method of pay, or maintenance of employment records was discussed.

RESPONSE: This subject was not included in any of the minutes of the board of directors meetings.

DEFENDANTS' RESPONSES TO PLAINTIFFS' DISCOVERY REQUESTS - 9

REQUEST NO. 9: Any and all e-mail in which Plaintiffs, or any of them, are referenced in any fashion whether as sender, a recipient of any variety, in the reference line, in the body of the e-mail, or in any attachment.

RESPONSE: Emails are included in the scanned file labeled E-mails on the CD provided.

REQUEST NO. 10: Any and all transcripts, tapes, notes or other documents created or obtained in the course of interviewing or taking a statement from any Plaintiff by any Defendant or any person acting on behalf of any Defendant.

RESPONSE: See the weekly evaluations and incident reports included in the CD provided, except those withheld pending a confidentiality agreement with the Plaintiffs.

REQUEST NO. 11: All documents of any variety reflecting prior statements by Plaintiffs, or any of them.

RESPONSE: None.

REQUEST NO. 12: All documents identified or relied upon in responding to the interrogatories and/or requests for admissions served herewith.

RESPONSE: Included on the CD provided.

REQUEST NO. 13: Any and all e-mail between Defendants, or anyone on any Defendant's behalf, and the Plaintiffs, or any of them, or anyone on Plaintiffs' behalf.

DEFENDANTS' RESPONSES TO PLAINTIFFS' DISCOVERY REQUESTS - 10

RESPONSE: E-mails are included in the file labeled e-mails on the CD provided.

REQUEST NO. 14: Plaintiffs' time cards and/or other time records.

RESPONSE: Time sheets are in employee files on the CD provided.

REQUEST NO. 15: Plaintiffs' personnel files.

RESPONSE: Employment records and employee files are on the CD provided.

REQUEST NO. 16: All files of any variety which mention the Plaintiffs, or any of them.

RESPONSE: Employment records and employee files are on the CD provided.

REQUEST NO. 17: Any and all documents reflecting the amount of wages paid Plaintiffs during the three years immediately preceding the commencement of this action, including, but not limited to:

   a.  Copies of pay check stubs;

   b.  Time cards; and

   c.  W-2 forms.

RESPONSE: These are provided in each employee file on the CD provided.

REQUEST NO. 18:  Any and all documents showing or inferring that the Plaintiffs, or any of them, did not work unpaid overtime.

RESPONSE: Time sheets are included on the CD provided.

DEFENDANTS' RESPONSES TO PLAINTIFFS' DISCOVERY REQUESTS - 11

REQUEST NO. 19: Any and all correspondence or memos of any kind from the Defendants, or any of them, to the Plaintiffs, or any of them, relating to overtime, unpaid wages or time off the clock.

RESPONSE: None.

REQUEST NO. 20: Any and all documents reflecting any bonus paid Plaintiffs, or any of them, during the three years immediately preceding the commencement of this action.

RESPONSE: See employment record and pay stubs on the CD provided.

REQUEST NO. 21: Any and all documents or correspondence provided Defendant RedCliff Ascent by its terminating employees during the time Plaintiffs, or any of them, were employed by RedCliff Ascent.

RESPONSE: None.

REQUEST NO. 22: Any and all check lists, policies, memoranda or other documents containing standards of Plaintiffs' performance or used to inspect, grade or assess Plaintiffs.

RESPONSE: Staff manual, employee handbook, and weekly evaluations are provided on the CD.

REQUEST NO. 23: Any and all documents wherein the Plaintiffs, or any of them, herein were warned, admonished or otherwise disciplined.

RESPONSE: Weekly evaluations are provided on the CD.

DEFENDANTS' RESPONSES TO PLAINTIFFS' DISCOVERY REQUESTS - 12

REQUEST NO. 24: The Defendant's policy and employment manuals.

RESPONSE: Employment manuals are provided on CD.

REQUEST NO. 25: Any documents inferring in any fashion that the Plaintiffs, or any of them, were exempt from coverage of the FLSA as alleged in Defendants' second affirmative defense.

RESPONSE: See documents produced on CD.

REQUEST NO. 26: Copies of each administrative ruling and finding upon which the Defendants claim to have relied as alleged in Defendants' sixth affirmative defense.

RESPONSE: Objection. Plaintiffs have equal access to legal research materials.

DATED this 16th day of August, 2013.

FILLMORE SPENCER, LLC

Mark D. Stubbs
Attorney for Defendants

ANDREA BURGESS

STATE OF UTAH                    )
                                : SS
COUNTY OF UTAH                   )

On the 28th day of July_____, 2013, personally appeared before me
Andrea Burgess, who by me duly sworn did say that she signed the foregoing as her free act and
deed.



                                        _____
JANET MCGREW                            Notary Public
Notary Public, State of Utah
Commission # 580267
My Commission Expires                   My commission expires: August 28, 2013
August 28, 2013

DEFENDANTS' RESPONSES TO
PLAINTIFFS' DISCOVERY REQUESTS

_____
DANE KAY

STATE OF UTAH            )
                         : SS
COUNTY OF UTAH           )

> BENNETT LEE GREENE
> NOTARY PUBLIC·STATE OF UTAH
> COMMISSION# 649303
> COMM. EXP. 10-13-2015

On the _3_ day of _July_____, 2013, personally appeared before me Dane Kay, who by me duly sworn did say that he signed the foregoing as his free act and deed.

_____
Notary Public

My commission expires: _10-13-2015_

DEFENDANTS' RESPONSES TO
PLAINTIFFS' DISCOVERY REQUESTS

SCOTT SCHILL

STATE OF UTAH          )
                       : SS
COUNTY OF UTAH         )

On the 3 day of July_____, 2013, personally appeared before me Scott Schill, who by me duly sworn did say that he signed the foregoing as his free act and deed.

Notary Public

My commission expires: _10-13-2015_

DEFENDANTS' RESPONSES TO
PLAINTIFFS' DISCOVERY REQUESTS

SCOTT PETERSON

STATE OF UTAH            )
                        : SS
COUNTY OF UTAH          )

**BENNETT LEE GREENE**
NOTARY PUBLIC·STATE OF UTAH
COMMISSION# 649303
COMM. EXP. 10-13-2015

    On the __3__ day of __July_____, 2013, personally appeared before me Scott
Peterson, who by me duly sworn did say that he signed the foregoing as his free act and deed.

Notary Public

My commission expires: _10-13-2015_

DEFENDANTS' RESPONSES TO
PLAINTIFFS' DISCOVERY REQUESTS

STEVE NADAULD

STATE OF UTAH            )
                        : SS
COUNTY OF UTAH          )

    On the  3  day of  July              , 2013, personally appeared before me Steve
Nadauld, who by me duly sworn did say that he signed the foregoing as his free act and deed.

Notary Public

My commission expires: 10-13-2015

DEFENDANTS' RESPONSES TO
PLAINTIFFS' DISCOVERY REQUESTS

JIM SALISBURY

STATE OF UTAH            )
                         : SS
COUNTY OF UTAH           )

On the 3 day of July_____, 2013, personally appeared before me Jim Salisbury, who by me duly sworn did say that he signed the foregoing as his free act and deed.

Notary Public

My commission expires: 10-13-2015

DEFENDANTS' RESPONSES TO
PLAINTIFFS' DISCOVERY REQUESTS

STEVE PETERSON

STATE OF UTAH            )
                        : SS
COUNTY OF UTAH          )

BENNETT LEE GREENE
NOTARY PUBLIC·STATE OF UTAH
COMMISSION# 649303
COMM. EXP. 10-13-2015

On the _3_ day of _July_____, 2013, personally appeared before me Steve Peterson, who by me duly sworn did say that he signed the foregoing as his free act and deed.

Notary Public

My commission expires: _10-13-2015_

DEFENDANTS' RESPONSES TO
PLAINTIFFS' DISCOVERY REQUESTS

REDCLIFF ASCENT, INC.

By: _____

Its: _____

STATE OF UTAH          )
                       : SS
COUNTY OF UTAH         )

BENNETT LEE GREENE
NOTARY PUBLIC • STATE OF UTAH
COMMISSION # 649303
COMM. EXP. 10-13-2015

On the _3_ day of _JULY_____, 2013, personally appeared before me
_Bennett Greene_____, who by me duly sworn did say that he is a
_STEVE PETERSEN_ _REPRESENTATIVE_ of RedCliff Ascent, Inc., and that said document was signed by
him on behalf of said corporation by authority of its articles of organization and said
_STEVE PETERSEN_____ acknowledged to me that said corporation acknowledged the
same.

_____
Notary Public

My commission expires: _10·13·2015_

DEFENDANTS' RESPONSES TO
PLAINTIFFS' DISCOVERY REQUESTS

Mark D. Stubbs (#9353)
FILLMORE SPENCER, LLC
3301 North University Avenue
Provo, Utah 84604
Telephone: 801-426-8200
mstubbs@fslaw.com

*Attorneys for Defendants*

<table>
<tr><td colspan="2" align="center">IN THE UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF UTAH, CENTRAL DIVISION</td></tr>
<tr><td>DARREN JENSEN, SCORPIO DON J.<br>ERICKSON, BENJAMIN FLINDERS, RYAN<br>BALTES, ADAM GLEASON, LILLIAN<br>GEURTS,<br>     Plaintiffs,<br>vs.<br>REDCLIFF ASCENT, INC., DANE KAY,<br>SCOTT PETERSON, STEVE PETERSON,<br>JIM SALISBURY, STEVE NADAULD,<br>ANDREA BURGESS, SCOTT SCHILL,<br><br>     Defendants.</td><td>**CERTIFICATE OF SERVICE<br>OF DEFENDANTS' DISCOVERY<br>RESPONSES**<br><br><br>Case No.:  2:13-CV-00275-PMC</td></tr>
</table>

    I hereby certify that on the 16th day of August, 2013, a copy of DEFENDANTS'
RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS was served upon the following by
mail:

Robert H. Wilde
Michael S. Wilde
BLACKBURN & STOLL, LC
257 East 200 South, Suite 800
Salt Lake City, Utah  84111

                             *Bonnie E. Williams*
                             Paralegal

PRIVILEGE LOG

| Doc# | Name | Document Type | Subject Matter | Type of Privilege |
|---|---|---|---|---|
| RC0069 | Memo page 1 | Email, Pay Structure History | litigation | Rule 26(A)(b)(3) |
| RC0070 | Memo page 2 | Email, Pay Structure History | litigation | Rule 26(A)(b)(3) |
| RC0262-0266 | Baltes, Ryan | Medical file | Medical | Medical |
| RC0404-0420 | Erickson, Scorpio | Medical file | Medical | Medical |
| RC0533-0538 | Flinders, William | Medical file | Medical | Medical |
| RC0788-0792 | Geurts, Lillian | Medical file | Medical | Medical |
| RC0999-1007 | Gleason, Adam | Medical file | Medical | Medical |
| RC1266-1273 | Jensen, Darren | Medical file | Medical | Medical |
| RC1484-1698 | Students | Incident Reviews | Students | Confidential Student Information |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |