Mark D. Stubbs (#9353)
FILLMORE SPENCER, LLC
3301 North University Avenue
Provo, Utah 84604
Telephone: 801-426-8200
mstubbs@fslaw.com

*Attorneys for Defendants Redcliff Ascent, Inc.,
Dane Kay, Scott Peterson, Steve Peterson,
Jim Salisbury, Steve Nadauld, Andrea Burgess
And Scott Shill*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DARREN JENSEN, SCORPIO DON J. ERICKSON, BENJAMIN FLINDERS, RYAN BALTES, ADAM GLEASON, LILLIAN GEURTS,<br><br>Plaintiffs,<br><br>vs.<br><br>REDCLIFF ASCENT, INC., DANE KAY, SCOTT PETERSON, STEVE PETERSON, JIM SALISBURY, STEVE NADAULD, ANDREA BURGESS, SCOTT SCHILL,<br><br>Defendants. | OPPOSITION TO MOTION TO AMEND COMPLAINT<br><br>Case No.: 2:13-CV-00275-PMC |

Defendants oppose Plaintiffs' Motion to Amend Complaint adding two new employees, Mark Noe and Ellie Strong, as defendants.

OPPOSITION TO MOTION
TO AMEND COMPLAINT - 1

I.  **MISAPPLICATION OF THE LAW**

The Plaintiffs ask this court to use the "economic reality" test to determine whether or not Mark Noe and Ellie Strong can be added as employers in this case. In so doing, they misinterpret the court's holding in *Baker v. Flint Eng'g & Constr. Co.,* 137 F.3d 1436 (10th Cir. 1998). In *Baker* the court uses the economic reality test to determine not whether or not a party should be added as an employer under the definition of the statute, but to determine whether or not the relationship between the employee and the employer is an employment relationship or an independent contractor relationship. The factors cited by Plaintiffs, the power to hire and fire, supervising, controlling employee work schedules, or conditions of employment, determining the rate and method of payment, or maintaining employment records, are used to analyze whether or not the employer has that kind of power and supervision over the party involved and whether or not that party involved is an independent contractor or an employee. The case cited by the Plaintiffs to support their motion to amend is inapposite.

The 5th Circuit case cited by *Baker* also deals with the economic reality of the employer-employee relationship to determine whether or not an individual is an employee or an independent contractor. *Watson v. Graves,* 909 F.2d 1549, 1553 (5th Cir. 1990). In *Watson* the question was whether or not employed inmates were employees under the FLSA.

The more appropriate citation from *Baker v. Flint* is found earlier in the case:

OPPOSITION TO MOTION
TO AMEND COMPLAINT - 2

> The FLSA defines an employee as "any individual employed by an employer." 29 USC § 203(e)(1). In turn, "employer" is defined as including "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 USC § 203(d). The FLSA defines the verb 'employ' expansively to mean 'suffer or permit to work.'"

*Id.* at 1440.

This implies that the inquiry as to whether or not it is appropriate to add Noe and Strong as defendants is to ask the question whether or not they suffered or permitted the employees to work. There is no allegation in the Amended Complaint that fits into this definition and therefore, Plaintiffs' statement in paragraph 10 that the defendants were employers as the term is defined by the FLSA is inaccurate.

## II. THE ECONOMIC REALTIES TEST AS IT PERTAINS TO WHO IS AN EMPLOYER FOR PERSONAL LIABILITY PURPOSES.

The Federal District Court in New Mexico analyzed the issue of who is an employer for purposes of individual liability and pointed out that the 10th Circuit had not yet spoken. *Saaveda v. Lowe's Home Center, Inc.*, 748 F. Supp. 2d 1273, 1285 (D.N.M. 2010). The New Mexico court said that the economic realities test is based upon the totality of circumstances and no one factor in isolation is dispositive. *Id.* at 1286. The court then cited various cases wherein an individual was found to be an employer under the statute because they exercised operational control over payroll, effectively dominated the administration, or otherwise acts or has the power to act on behalf of the corporation, or has substantial control over the terms and condition of the employee's work. *Id.* at 1286. The court went on to quote Judge Kimball in *Stewart v. Regis Corp.*, 1:05CV0016 2006, WL 1889970 (D.Utah July 10, 2006), stating: "individuals who have

no corporate role beyond a managerial position are not employers under the FMLA." Memorandum Decision and Order, July 10, 2006, pp. 12-13.

While the law may seem a bit confusing, the Plaintiffs have misapplied a test that was created to determine who was an employer for purposes of deciding whether or note a person was an employee or an independent contractor, to a situation to determine whether or not a manager is an employer for purposes of the statute. The Plaintiffs have misapplied the law and should not be allowed to amend the pleadings to add these two managers.

## CONCLUSION

Plaintiff's misapplication of case law to the FLSA should not be used to allow them to add additional employees of the Defendant RedCliff Ascent, Inc., as defendants since they are not properly defined under the statute as employers.

DATED this ____ day of November, 2013.

FILLMORE SPENCER LLC

_____
Mark D. Stubbs
Attorneys for Defendants

CERTIFICATE OF SERVICE

    I hereby certify that on the _1st_ day of November, 2013, a copy of the Opposition to Motion to Amend Complaint was duly served by the court's electronic filing system or U.S. mail upon the following:

Robert H. Wilde
Michael S. Wilde
BLACKBURN & STOLL, LC
257 East 200 South, Suite 800
Salt Lake City, Utah  84111

*Bonnie Williams*
Paralegal