ROBERT H. WILDE #3466
MICHAEL S. WILDE #14366
BLACKBURN & STOLL, LC
257 East 200 South, Suite 800
Salt Lake City, Utah 84111
Telephone: 801-521-7900
rwilde@blackburn-stoll.com
mwilde@blackburn-stoll.com

Attorneys for Plaintiffs

---

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DARREN JENSEN, SCORPIO DON J. ERICKSON, BENJAMIN FLINDERS, RYAN BALTES, ADAM GLEASON, LILLIAN GEURTS,, <br><br> Plaintiffs, <br><br> vs. <br><br> REDCLIFF ASCENT, INC., DANE KAY, SCOTT PETERSON, STEVE PETERSON, JIM SALISBURY, STEVE NADAULD, ANDREA BURGESS, SCOTT SCHILL, <br><br> Defendants. | REPLY TO MOTION TO AMEND COMPLAINT <br><br><br> Civil No.: 2:13-cv-275-TC |

Come now Plaintiffs and submit this Reply to Defendants' Opposition to Plaintiffs' Motion to Amend Complaint.

Defendants' respond that Plaintiffs have misapplied the law concerning the economic

realities test.   They argue that the test only applies in determining whether an alleged employee is an employee or an independent contractor.   Defendants misread the economic reality test as applied in the Tenth Circuit.

Defendants' interpretation would have us believe that the economic reality test is a one-way street (i.e. that an employee may meet the definition of "employee" in relation to a defendant but that the defendant is not necessarily an employer of the employee).   This would lead us to the peculiar conclusion that the Plaintiffs are employees of Mr. Noe and Ms. Strong, but that Mr. Noe and Ms. Strong are not employers of the Plaintiffs.   In essence, Defendants attempt to pick up just one end of the stick.

The economic realities test is not a one-way street.   It is used to determine both when a plaintiff is an employee and when a defendant is an employer.   "The FLSA broadens the definitions of employer and employee beyond 'strict application of tradition agency principles….'   The FLSA focuses instead on 'the economic realities of the relationship' between the employee and the employer and includes evaluating such factors as 'whether the alleged employer has the power to hire and fire employee, supervises and controls employee work schedules or conditions of employment, determines the rate and method of payment, and maintains employment records.'" *Does v. Rodriguez*, 2007 U.S. Dist. LEXIS 15061 (D. Colo. Mar. 2, 2007) (quoting *Baker v. Flint Engineering & Const. Co.*, 137 F.3d 1436, 1440 (10th Cir. 1998)).

There is no question that the test is also used to determine when a defendant qualifies as an employer.   *See, e.g., Robillard v. Bd. of County Comm'Rs Colo.*, 2012 U.S. Dist. LEXIS 138191 (D. Colo. Sept. 26, 2012) ("To determine whether a defendant is an employer, the Tenth Circuit

applies the economic reality test."); *Torres v. Cache Cache, Ltd.*, 2013 U.S. Dist. LEXIS 55687 (D. Colo. Apr. 18, 2013) ("The parties agree that the determinative issue regarding Mr. Harvier's eligibility to participate in the tip pool under the FLSA is whether he qualifies as an "employer." In addition to the definition of 'employer' set forth in the FLSA, I also look to the economic reality test in analyzing this issue."); *Giuffre v. Marys Lake Lodge, LLC*, 2012 U.S. Dist. LEXIS 140506 (D. Colo. Sept. 28, 2012) ("Applying the 'economic reality test' for determining whether somebody is an 'employer,' the Court identifies no evidence supporting plaintiff's claim that he was required to share tips with his 'employer.'); *Koellhoffer v. Plotke-Giordani*, 858 F. Supp. 2d 1181, 1189 (D. Colo. 2012) ("The real issue is whether Campo De Fiori's managers are 'employers' within the meaning of the FLSA…. The Tenth Circuit has adopted the economic reality test for determining an employment relationship."); *Bass v. PJCOMN Acquisition Corp.*, 2011 U.S. Dist. LEXIS 40470 (D. Colo. Apr. 5, 2011) (applying economic realities test to determine if two additional defendants in plaintiff's proposed amended complaint were employers under the FLSA*); Saavedra v. Lowe's Home Ctrs.*, 748 F. Supp. 2d 1273, 1292 (D.N.M. 2010) ("Although the Tenth Circuit has not addressed whether supervisors may be held liable as 'employers' under the FMLA or the FLSA, it has discussed factors relevant in determining **when an individual qualifies as an employer** or an employee…. The four factors that the Tenth Circuit has enunciated are: (i) whether the alleged employer has the power to hire and fire employees; (ii) whether the alleged employer supervises and controls employee work schedules or conditions of employment; (iii) whether the alleged employer determines the rate and method of payment; and (iv) whether the alleged employer maintains employment records."). *See also Fernandez v. Mora San Miguel Elec. Coop.*, 462 F.3d 1244, 1248

(10th Cir. 2006) (noting that EPPA and the FLSA define "employer" the same way and approving the use of the economic reality test in evaluating whether a polygraph examiner is an 'employer' for purposes of EPPA).

The Tenth Circuit applies the economic reality test to determine when a defendant is an employer.    Defendants have admitted that Mr. Noe and Ms. Strong meet every factor of the test. Plaintiffs' motion to add these defendants should be granted.

DATED this 15th day of November, 2013.

/s/ Michael S. Wilde
MICHAEL S. WILDE
Attorneys for Plaintiffs

5

Delivery Certificate

  I hereby certify that a true and correct copy of the foregoing **REPLY TO MOTION TO AMEND COMPLAINT** to be served by the method(s) indicated below and addressed to the following on this 15th day of November, 2013.

Mark D. Stubbs
Fillmore & Spencer, LLC
3301 North University Ave
Provo, Utah 84604
mstubbs@fslaw.com


( ) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile
( ) E-mail
(X) CM/ECF Posting


                /s/ Michael S. Wilde