IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DARREN JENSEN, et al.,<br><br>　　　Plaintiffs,<br><br>v.<br><br>REDCLIFF ASCENT, INC., et al.,<br><br>　　　Defendants. | **AMENDED SCHEDULING ORDER**<br><br>Case No. 2:13-CV-275-TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Evelyn Furse |

　　　The parties' Stipulated Motion to Amend Scheduling Order being brought before the Court and on a showing of good cause pursuant to Fed. R. Civ. P. 6, the following matters are scheduled.

**\*\*ALL TIMES 4:30 PM UNLESS INDICATED\*\***

| 1. | | **PRELIMINARY MATTERS** | **DATE** |
|---|---|---|---|
| | | Nature of claims and any affirmative defenses: | |
| | a. | Was Rule 26(f)(1) Conference held? | 6/14/13 |
| | b. | Have the parties submitted the Attorney Planning Meeting Form? | 6/17/13 |
| | c. | Deadline for 26(a)(1) initial disclosure? | 7/31/13 |
| 2. | | **DISCOVERY LIMITATIONS** | **NUMBER** |
| | a. | Maximum Number of Depositions by Plaintiff(s) | 10 |
| | b. | Maximum Number of Depositions by Defendant(s) | 10 |
| | c. | Maximum Number of Hours for Each Deposition (unless extended by agreement of parties) | 7 |
| | d. | Maximum Interrogatories by any Party to any Party | 25 |
| | e. | Maximum requests for admissions by any Party to any Party | no limit |
| | f. | Maximum requests for production by any Party to any Party | no limit |

    g. Discovery of electronically stored information should be handled as follows: <u>Pursuant to Rule 26(f)(3) Fed. R. Civ P. any electronically stored documents which are requested shall be produced in their native electronic format unless specifically requested otherwise by the party seeking discovery except that e-mail shall be produced in pdf format.</u>

    h. Claim of privilege or protection as trial preparation material asserted after production shall be handled as follows: <u>A party producing voluminous electronic data need not perform a privilege review on that data until such time as any other party specifically identifies data, among the produced data, which it intends to use.  Within 14 days of such an identification the producing party shall assert any applicable privilege.</u>

    i. Last day to serve written discovery: *00/00/00*

    j. Close of fact discovery: *6/30/14*

    k. (*optional*) Final date for supplementation of disclosures and discovery under Rule 26 (e): *00/00/00*

3. **AMENDMENT OF PLEADINGS/ADDING PARTIES**[1]     **DATE**

    a. Last Day to File Motion to Amend Pleadings     *10/31/13*

    b. Last Day to File Motion to Add Parties     *10/31/13*

4. **RULE 26(a)(2) REPORTS FROM EXPERTS**     **DATE**

    a. Parties bearing burden of proof     *7/31/14*

    b Counter reports     *9/30/14*

5. **OTHER DEADLINES**     **DATE**

    a. Last day for Expert discovery     *10/15/14*

---

[1] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

|   |   |   |   |
|---|---|---|---|
| | b. | Deadline for filing dispositive or potentially dispositive motions | *10/31/14* |
| | c. | Deadline for filing partial or complete motions to exclude expert testimony | *10/31/14* |
| **6.** | | **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION** | **DATE** |
| | a. | Referral to Court-Annexed Mediation: | *At close of discovery* |
| | b. | Referral to Court-Annexed Arbitration | *No* |
| | c. | Evaluate case for Settlement/ADR on close of discovery. | |
| | d. | Settlement probability: Good | |

*4 of days for Bench or Jury trial as appropriate.*
*The court will complete the shaded areas.*

| | | | TIME | DATE |
|---|---|---|---|---|
| **7.** | | **TRIAL AND PREPARATION FOR TRIAL** | | |
| | a. | Rule 26(a)(3) Pretrial Disclosures[2] | | |
| | | Plaintiff | | *01/23/15* |
| | | Defendant | | *02/06/15* |
| | b. | Objections to Rule 26(a)(3) Disclosures (if different than 14 days provided in Rule) | | *00/00/00* |
| | c. | Special Attorney Conference[3] on or before | | *02/20/15* |
| | d. | Settlement Conference[4] on or before | | *02/20/15* |

---

[2] The Parties must disclose and exchange any demonstrative exhibits or animations with the 26(a)(3) disclosures.

[3] The Special Attorneys Conference does not involve the Court. Counsel will agree on voir dire questions, jury instructions, a pre-trial order and discuss the presentation of the case. The parties should schedule witnesses to avoid gaps and disruptions. The parties should mark exhibits in a way that does not result in duplication of documents. The pre-trial order should include any special equipment or courtroom arrangement requirements.

[4] The Settlement Conference does not involve the Court unless the Court enters a separate order. Counsel must ensure that a person or representative with full settlement authority or otherwise

3

|   |   |   |   |   |
|---|---|---|---|---|
| e. | Final Pretrial Conference | | 3:00 p.m. | *03/16/15* |
| f. | Trial | Length | | |
| | i. Bench Trial | *# days* | ___:___ _.m. | *00/00/00* |
| | ii. Jury Trial | *4 days* | 8:30 a.m. | *04/06/15* |

**8. OTHER MATTERS**

Counsel should contact chambers staff of the judge presiding in the case regarding Markman motions to determine the desired process for filing and hearing of such motions. Parties should file all such motions and Motions in Limine well in advance of the Final Pre Trial.

Signed May 13, 2014.

BY THE COURT:

*[signature]*
Evelyn J. Furse
U.S. Magistrate Judge

---

authorized to make decisions regarding settlement is available in person or by telephone during the Settlement Conference.